# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
### PROBATION OFFICE

**LAVETRA A. CASTLES**
**Chief U.S. Probation Officer**

**Byron G. Rogers U.S. Courthouse**
**1929 Stout Street, Suite C-120**
**Denver, CO 80294-0101**
**Phone: (303) 844-5424**

**212 North Wahsatch Avenue, Suite 300**
**Colorado Springs, CO 80903-3476**
**Phone: (719) 471-3387**

**ELIZABETH MILLER**
**Deputy Chief U.S. Probation Officer**

**400 Rood Avenue, Room 309**
**Grand Junction, CO 81501-2520**
**Phone: (970) 245-5396**

**103 Sheppard Drive, Suite 206**
**Durango, CO 81303-3439**
**Phone: (970) 385-9564**

April 6, 2016

RESPOND TO:  Denver

RE:   Defendant:  Steven Lee **MILLER**
      Docket No.: 1:96CR00170-2
      **PROBATION RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF
      SUPERVISION [Document 450]**

This correspondence follows the Court's directive that the Probation Office respond to the defendant's motion
for consideration of early termination of supervised release.

On November 13, 1997, the defendant was sentenced in the District of Colorado by the Honorable Edward W.
Nottingham to (240) months imprisonment for Conspiracy to Distribute and Possession with Intent to Distribute
a Schedule II Controlled Substance (Methamphetamine) in violation of 21 U.S.C. §§ 846, 841 (a)(1) and
(b)(1)(A) and 18 U.S.C. § 2. Additionally, the defendant was sentenced to a five (5) year term of supervised
release.

The defendant has been on supervised release for approximately two and a half years, which makes him
statutorily eligible for early termination, pursuant to 18 U.S.C. § 3583(e)(1). However, in evaluating suitability
for early termination under this statute, the Probation Office is mandated to consider the following criteria that
have been approved by the Judicial Conference Committee on Criminal Law. The defendant shall have:

- stable community reintegration (e.g., residence, family, employment);
- progressive strides toward supervision objectives and in compliance with all conditions of probation;
- no aggravated role in the offense of conviction, particularly large drug or fraud
  offenses;
- no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
- no recent arrests or convictions (including unresolved pending charges), or
  ongoing, uninterrupted patterns of criminal conduct;
- no recent evidence of alcohol or drug abuse;
- no recent psychiatric episodes;
- no identifiable risk to the safety of any identifiable victim; and
- no identifiable risk to public safety based on the Risk Prediction Index (RPI) score of zero (0) or one (1).

According to the above-noted criteria, the defendant's RPI (Recidivism Prediction Index) score must be a zero (0) or one (1). The defendant has a score of two, which technically makes him ineligible for the Probation Office to support this petition.

However, it should be noted that the Defendant has been on the Low Intensity Caseload since October 30, 2014, which he was placed on due to his continued compliance. The defendant also has numerous serious health conditions which have rendered him disabled. The Probation Office spoke with the defendant's doctor who believed the defendant should terminate his supervision and focus on his diminishing health. Although the Probation Office is unable to support the defendant's petition, it should be noted that the defendant served nearly 20 years in prison and has made progressive strides while on supervision. He also successfully completed numerous self-help programs while incarcerated, has satisfied all conditions of his release, and has maintained his sobriety the duration of his supervision.

Should the Court have any questions regarding the above, please contact this officer at: 303-335-2508.

Respectfully Submitted,

*s/Ashlie C. Diener*

Ashlie C. Diener
United States Probation Officer

Approved:

*s/Edgar T. Ruiz*

Edgar T. Ruiz
Supervising United States Probation Officer